UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA , | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CR 0107 |
| | ) | Judge Elaine Bucklo |
| JAMES GREEN, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO PRESENTENCING INVESTIGATION REPORT AND
SENTENCING MEMORANDUM**

NOW COMES JAMES GREEN, by and through his attorney, Ralph J.

Schindler, Jr., and does make the following objections to his Presentencing

Investigation Report (hereafter "PSI Report") and related sentencing

memorandum:

**Lines 75; 94[1]; 124-128; 155-176: The Loss Calculation**

Mr. Green objects to the calculation of loss attributed to him of

$189,000.  Comment Note 3(E)(ii) to United States Sentencing Guideline

§2B1.1 credits amounts from disposition of collateral against the amount of the

loan.  The value of disposition of property in a foreclosure sale is properly

credited to the defendant in calculating the value of loss. *U.S. v. Radziszewski*,

474 F.3d 480, 487 (7th Cir. 2007).

> Lines 124-128 state:
> The government asserts the resale amounts listed by the
> defendant, and used by him to calculate the loss to lenders,
> were subsequent to the initial short sales or resale after
> foreclosures.  The lenders who issued mortgages to the

---

[1] Line 94 cites a funds transfer in the amount of $771,557 which represents the proceeds of a mortgage loan for the purchase of the 153rd Street, Harvey property.  This is clearly a typographical error as the purchase was less than one-tenth that amount and, as such, warrants no further discussion.

1

> defendant only recovered the amounts previously listed by
> the government following the short sales and resales.
> Subsequent sales and valuations did not offset losses to the
> victim lenders.

In this the PSI Report has the situation exactly backwards.  For one property[2], defendant's version suggests that a subsequent mortgage value indicates the short sale price was undervalued; however, for the sake of loss calculation, defendant's version is based on the foreclosure values.  It is the government's version that the credit should be based on subsequent sales.

Defendant asserts that the proper loss calculations for each of the properties are as follows:

### 6851 S. Prairie, Chicago, Illinois

Count 5 of the Indictment charged Defendant with wire fraud in connection with his purchase of this property from Dorice Merriweather on February 25, 2005.  Mr. Green was acquitted of this charge.  Neither the government nor the pretrial officer seeks to assert any loss against the Defendant as to this property.

### 8544 South Givins, Chicago, Illinois

Defendant was convicted of count Six, wire fraud, in connection with his purchase of 8544 South Givins.  Green bought this house on April 11, 2005 from Johnny White's mother, Bonita White.  The loan amount was $106,250. This property was supposed to be rehabbed by Mr. Thomas.  At closing, $28,800 was supposed to be set aside into an escrow for Mr. Thomas to do the rehab.  (See Gov't Ex. 6A, HUD-1 at Exhibit A, Line 1304)  Mr. Thomas never

[2] 8544 South Givins

did the rehab but kept the money. There was no rehab done to this property. Defendant contends this constituted theft of the funds that were supposed to be used for the rehab. Thus the loss amount on this property is larger than the loss amount on any other property. It is submitted that this theft of $28,800 was not reasonably foreseeable to the Defendant under Section 1B1.3 of the Sentencing Guidelines because it is criminal conduct by Mr. Thomas not part of the scheme. Defendant asserts that restitution for this amount should be assigned to Mr. Thomas alone, and that Mr. Green should not be responsible for the amount stolen by Mr. Thomas.

Following Mr. Thomas's failure to do the rehab work for which he had received funding, Mr. Green arranged to do a short sale of this property. He retained the services of an attorney, Diane Billings, and the property was sold for $45, 681.49 on May 5, 2006. A copy of the closing statement is attached as Exhibit B. Defendant asserts that the loss amount should be the difference between the loan amount of $106,250 and the amount received on the short sale of $45,681.49 reduced by the theft by Mr. Thomas of $28,800 or a loss of $31,768.51. This should be the loss amount and the order of restitution attributable to Mr. Green.

### 1418 Portland, Chicago Heights, Illinois

Defendant was convicted of count Two, wire fraud, in connection with his purchase of 1418 Portland, Chicago Heights, Illinois. Green bought this house on April 26, 2005 from Kennard Rice. The loan amount was $72,250. This property went into foreclosure in case number 05 CH 18202 on October 25,

2005.  Pursuant to the foreclosure, the property was published for sale and

sold at public auction for $76,500.  A copy of the Certificate of Publication of

the Notice of Sale and the Selling Officer's Report of sale and Distribution are

attached as Exhibit C.

> Comment Note 3(E)(ii) of Guideline Section 2B1.1 states:

>> (E) Credits Against Loss. Loss shall be reduced by the
>> following:
>> . . .
>> (ii) In a case involving collateral pledged or otherwise
>> provided by the defendant, the amount the victim has
>> recovered at the time of sentencing from disposition of the
>> collateral, or if the collateral has not been disposed of by that
>> time, the fair market value of the collateral at the time of
>> sentencing.

It is submitted that the Sheriff's sale pursuant to public notice and auction is a

valid sale under Comment Note 3(E)(ii) of §2B1.1.  Because the sales price

exceeded the loan amount, Defendant contends that there was no loss under

the Sentencing Guidelines associated with this count of conviction.

### 155 E. 153rd Harvey, Illinois

Defendant was convicted of count Seven, wire fraud, in connection with

his purchase of 155 E. 153rd Street, Harvey, Illinois.  Green bought this house

on April 29, 2005 from co-defendant Larry Skrobot.  The loan amount was

$72,000.  This property went into foreclosure in case number 05 CH 22167 on

December 22, 2005.  Pursuant to the foreclosure, the property was published

for sale and sold at auction for $85,000.  A copy of the Certificate of Publication

of the Receipt of Sale from the auction is attached as Exhibit D.

Because the sales price of $85,000 exceeded the loan amount of $72,000, Defendant contends that there was no loss under the Sentencing Guidelines associated with this count of conviction.

### 1436 S. Parnell, Chicago Heights, Illinois

The government introduced at trail as related conduct under Section 404(b) Defendant's purchase of 1436 S. Parnell. However this transaction was never charged in any count of the indictment. The loan amount on this property was $71,949.18. Green bought this house on May 5, 2005 from Mable Witherspoon, who was Kennard Rice's Mother. This property went into foreclosure in case number 05 CH 20406. Pursuant to the foreclosure, the property was published for sale and sold at auction for $46,000. A copy of the Certificate of Publication and of the Report of Sale and Distribution are attached as Exhibit E.

The loss associated with this property, should it be considered relevant conduct, would be the difference between the loan of $71,949.18 and the auction sale of $46,000, or a loss of $25,949.18.

### Loss Amount Calculation

Based on the above discussion, Defendant contends the loss and restitution amounts attributable to him are as follows:

| | |
|---|---|
| 8544 S. Givins | $60,5568.81 |
| 1418 Portland | $0.00 |
| 155 E. 153rd Street | $0.00 |
| 1436 S. Parnell | $25,949.18 |
| Subtotal | $86,517.99 |
| Less Thomas' Theft | $28,000.00 |
| Total | $57,717.99 |

5

Defendant submits that the applicable Sentencing Guideline is Section 2B1.1.  This Guideline sets the Base Level Offense at Level 7 and increases the Level by the applicable loss amount.  The following factors apply:

| Loss Amount | Increase in Level |
|---|---|
| (A)  $5,000 or less | no increase |
| (B) More than $5,000 | add 2 |
| (C) More than $10,000 | add 4 |
| (D) More than $30,000 | add 6 |
| (E) More than $70,000 | add 8 |
| (F) More than $120,000 | add 10 |

Should the court determine the loss on Parnell to be relevant conduct, the total loss would be $57,717.99. Defendant's Offense Level would be 13.

**Lines  177-184: Level of Sophistication**

The Defendant objects to the contention that his involvement in the alleged scheme involved sophisticated means that would justify an enhancement under the Guidelines.  Defendant's role was simply that of a "straw buyer."  Evidence at trial was clear that the false W-2 forms, verifications of rent, and verifications of employment were done by others. Although there was conflict in the testimony, Green would contend that the falsification was done without his knowledge or consent.

Nor does the volume of falsified documents indicate sophistication; from trial testimony, it is clear that, in regards to the properties with which the Defendant was involved, one set of false documents was copied and used multiple times.  Use of a copier does not rise to the level of sophistication that "displays 'a greater level of planning or concealment' than a typical fraud of that kind." *United States v. Wayland,* 549 F.3d 526, 528 (7th Cir. 2008) (*citing*

6

*United States v. Robinson*, 583 F.3d 605, 607.  No shell entities were created as

in one of the cases cited by the Government's version. *United States v. Cross*,

2008 WL 1723325 (7th Cir., April 15, 2008).  The documentation alleged

created in this case was the same that the parties routinely created in their

legitimate businesses and was nothing more than what was needed to

perpetuate the alleged fraud.  By definition, wire *fraud* involves some deceptive

representation and to enhance the penalty with a "sophisticated means" finding

overstates the Guideline calculation for such a crime.

Based on the above, Defendant asserts that his guideline calculation,

assuming the court determines the loss associated with the Parnell property

qualifies as "relevant conduct" would be a Level 13, Criminal History I for a

guideline range of 12-18 months.

## Analysis under 18 U.S.C. § 3553:

While the court is required to calculate a suggested sentence under the

Sentencing Guidelines, such Sentencing Guidelines are only advisory in

nature.  In imposing sentence, the court is to be guided by 18 U.S.C. § 3553(a)

in determining the appropriate sentence to impose.  That section provides, in

part:

> (a) Factors to be considered in imposing a sentence.
> The court shall impose a sentence sufficient but not greater than
> necessary to comply with the purposes set forth in paragraph (2) of this
> subsection.  The court, in determining the particular sentence to be
> imposed, shall consider:
> > (1) the nature and circumstances of the offense and the history
> > and characteristics of the defendant;
> > (2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote
respect for the law, and to provide just punishment for the
offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the
defendant; and
(D) to provide the defendant with needed educational or
vocational training, medical care, or other correctional
treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
    (A) the applicable category of offense committed by the
applicable category of defendant as set forth in the guidelines. . .
(5) any pertinent policy statement—
(6) the need to avoid unwarranted sentence disparities among
defendants with similar records who have been found guilty of
similar conduct; and
(7) the need to provide restitution to any victims of the offense

## Nature and Circumstances of the Offense

Section 3553(a)(1) requires the court to consider the nature and

circumstances of the offense at the time of sentencing.  Here, the nature of the

offense is mortgage fraud.  As such, it is a financial fraud not involving any act

of violence.  The Defendant submits that his involvement with the fraud was

minimal as he did not create any of the falsified documents and intended the

properties to be profitable investments on which he would be able to service the

loans.  It is clear that the Defendant was not one of the major beneficiaries of

the scheme; in the end, he was left with overpriced, poorly-conditioned

properties, massive loans to repay, and ruined credit while others received the

proceeds of the loans.  Based on the nature and circumstances of the Offense,

Defendant, as the "straw buyer," was only a minor beneficiary of the proceeds

of the fraud and is much less culpable than Mr. Thomas, Mr. Skrobot or others

who garnered the profits from the fraud scheme.  This factor would indicate a lighter sentence should be given to Mr. Green for his role in the offense.

**Defendant's Personal Characteristics**

James Green is 37 years old.  He is separated from his wife and the couple is currently going through divorce proceedings.  The stress resulting from the instant case and related financial burdens were significant contributors to the demise of their relationship.  Mr. Green has three children with whom he maintains contact; he has phone conversations with them daily and visits them whenever he is in the Chicago area.  Mr. Green is committed to supporting his children and providing for them financially and emotionally as best he can, modeling his behavior after the way his parents cared for him.

Mr. Green has never been convicted of a felony prior to the instant case. In the last ten years, he has only had two minor traffic violations.  He is intelligent and responsible.  He attended the University of Illinois for three years, dropping out following the sudden death of his mother.  Mr. Green completed barber school and became a licensed barber in 1999 and has thus supported himself and his family since.  It is submitted that any lengthy period of incarceration would deprive his family of the support his employment could otherwise provide for their health and maintenance.

Mr. Green suffers from multiple sclerosis (MS), which has been exacerbated by the stress of the instant case.  Mr. Green now has limited vision which has curtailed his ability to supplement his income using his commercial

driver's license.  The PSI Report accurately describes Mr. Green's medical
condition.

**The Need for the Sentence to reflect the Seriousness of the Crime, to
Promote Respect for the Law, and Provide Just Punishment**

The instant case has already taken a serious toll on Mr. Green: his
marriage is over, his health has been compromised, and his credit rating has
been destroyed.

There is no need to deter the defendant from further criminal activity as
required under 3553(a)(2)(B) as Mr. Green's minimal criminal history makes
clear his actions in this case were not in character with his usual behavior.
Nor is there need to further educate the defendant under 3553(a)(2)(D) or
protect the public from further crimes under 3553(a)(2)(C) as Mr. Green's credit
score makes it impossible for him to participate in any future real estate
transactions.

**Avoidance of Sentence Disparities and the Need for the Sentence to
Reflect the Seriousness of the Crime**

One of the factors for the court to consider is the avoidance of sentencing
disparities.  While Mr. Green went to trial and lost, he asks the court to
consider the sentences that have already been received by some of his
codefendants who plead guilty.  Johnny White was sentenced to 12 months
incarceration; Diane Robinson was sentenced to 21 months incarceration; Karl
Allen was sentenced to 33 months incarceration; Kevin Earl was sentenced to
18 months incarceration.  These codefendants were more central to the scheme
than Mr. Green and were significantly more active in the creation of the

falsified documents.  Mr. Green's sentence should be shorter to reflect his relatively minimal involvement and peripheral status in the scheme.

**Conclusion**

In conclusion, Defendant submits that the Defendant's guideline sentence should be 8-14 months under Defendant's calculation or, should the court determine the Parnell transaction to be relevant conduct, then the guideline range would be 12-18 months.  In light of the fact that a portion of Mr. Green's earnings goes to support his family, it is suggested that the court impose a split sentence in which a portion of the sentence is served at a half-way house from which he could continue his employment.

In terms of restitution, it is submitted that the defendant is chargeable with a loss of $31,768.51 relating to the Givins property.  According to the HUD-1 relating to Green's short sale of such property, the holder of the first mortgage was "America's Servicing Co." (See Exhibit B line 504)  The order of restitution should be that payment be made to such entity.

The court heard the testimony of the Defendant in this case and had an opportunity to consider his version of events.  It is submitted that the jury simply believed it was impossible for someone to be so trusting of Robert Thomas and his promises that they would enter into all the transactions that Mr. Green entered into—i.e., that he must have known what was going on.  The court has the advantage of knowing about Mr. Green's complaints to the Better Business Bureau, the Office of Banks and Real Estate and his lawsuit in the Daley Center against Mr. Thomas, Varena McCloud and Equity Express.  While

the government characterizes these efforts as attempts to cover his crime, it is submitted that these were actually efforts to recover the $28,800 theft that Mr. Thomas had perpetrated on the Defendant, and that it is credible to believe that Mr. Thomas kept telling Defendant that he, Thomas, was a reputable rehabber, good for his word and that the rehab would be done in a professional manner.

Certainly the evidence at trial indicated that shortcuts and illegal means were taken to qualify Mr. Green for the mortgages. The jury believed that Mr. Green knew or should have known about such falsification, thus finding him guilty of the crime charged. Nonetheless, it is submitted that his testimony that he intended no loss to the mortgage companies was true. He made efforts to fix the problems, contacted OBRE, conducted a short sale of one of the properties, attempted to obtain rent increases for the Section 8 properties and did other things inconsistent with someone who merely purchased a property for a $2,000 "kickback" and then abandons the property. It is requested that the court take these efforts into account at sentencing.

Respectfully Submitted,

/s/ Ralph J. Schindler, Jr.

Ralph J. Schindler, Jr.
Attorney for James Green

Law Office of Ralph J. Schindler, Jr.
53 West Jackson Boulevard, Suite 818
Chicago, IL 60604
(312) 554-1040
Attorney No. 2484471

UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| | ) | No.    08 CR 107 |
| v. | ) | |
| | ) | Hon. Judge Bucklo |
| JAMES GREEN, | ) | |
|     Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, Ralph J. Schindler, Jr., an attorney do certify that I did serve a copy of:

**DEFENDANT'S OBJECTIONS TO PRESENTENCING INVESTIGATION REPORT AND SENTENCING MEMORANDUM**

upon all other parties entitled to be served by electronic filing of such motion in accordance with Fed. R. Civ. P. 5 and LR 5.5 and the General Order on Electronic Case Filing (ECF) this 4th day of August, 2009.

Respectfully submitted,

/s/ Ralph J. Schindler, Jr.

Ralph J. Schindler, Jr.
Attorney for JAMES GREEN

Law Office of Ralph J. Schindler, Jr.
53 West Jackson Boulevard  Suite 818
Chicago, IL 60604
Tel.  (312) 554-1040
Atty. No. 2484471

# EXHIBIT A

04/12/2005 13:35 FAX 708 429 7980    FIRST AMERICAN TITLE    @002

| | |
|---|---|
| A. Settlement Statement | OMB Approval No. 2502-0265 |

**B. Type of Loan**

1-6. Loan Type Conv. Unins.

## First American Title Insurance Company
### Final Statement

6. File Number TP-1051857

7. Loan Number OAK008496

8. Mortgage Insurance Case Number
n/a

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(P.O.C)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

D. Name of Borrower: James Green

E. Name of Seller: Bonita Anderson White

F. Name of Lender: BNC Mortgage, Inc.
1901 Main Street
Irvine, CA 92614-6524

G. Property Location: 8544 S. Givens Ct., Chicago, IL 60620

H. Settlement Agent: First American Title Insurance Company
Address: 18325 South Harlem Avenue, Ste. 2NW, Tinley Park, IL 60477

Place of Settlement Address: 18325 South Harlem Avenue, Ste. 2NW, Tinley Park, IL 60477

I. Settlement Date: 04/11/2005

Print Date: 04/11/2005, 3:35 PM

Disbursement Date: 04/11/2005

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract Sales Price | 125,000.00 | 401. Contract Sales Price | 125,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower (line 1400) | 5,670.95 | 403. Total Deposits | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 120. Gross Amount Due From Borrower | 130,670.95 | 420. Gross Amount Due To Seller | 125,000.00 |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 106,250.00 | 502. Settlement charges (line 1400) | 32,579.59 |
| 203. Existing loan(s) taken subject | | 503. Existing loan(s) taken subject | |
| 204. Seller Second Mortgage To Buyer | 16,750.00 | 504. Payoff of first mortgage loan - Ocean Federal Bank | 60,120.85 |
| 205. Seller To Buyer Credit | 3,586.31 | 505. Payoff of second mortgage loan | |
| 206. | | 506. 1st Installment 2004 Taxes Balance to Cook County | 0.71 |
| 207. | | 507. Seller Second Mortgage To Buyer | 16,750.00 |
| 208. | | 508. Seller To Buyer Credit | 3,586.31 |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes | | 510. City/town taxes | |
| 211. County taxes 07/01/04 to 12/31/04 @30.00/yr | 841.15 | 511. County taxes 07/01/04 to 12/31/04 @30.00/yr | 841.15 |
| 212. Assessments | | 512. Assessments | |
| 213. County Tax 2005 01/01/05 to 04/11/05 @30.00/yr | 443.39 | 513. County Tax 2005 01/01/05 to 04/11/05 @30.00/yr | 443.39 |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 129,670.95 | 520. Total Reduction Amount Due Seller | 116,122.00 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross amount due from Borrower (line 120) | 130,670.95 | 601. Gross amount due to Seller (line 420) | 125,000.00 |
| 302. Less amounts paid by/for Borrower (line 220) | 129,670.95 | 602. Less reductions in amounts due to Seller (line 520) | 116,122.00 |
| 303. Cash (X From) ( To) Borrower | 1,000.00 | 603. Cash (X To) ( From) Seller | 8,878.00 |

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.
Settlement Agent: _____    Date: 4/11/06

* See Supplemental Page for details.

GOVERNMENT
EXHIBIT
6A

CANDLS  800-783-0699

BNC 0256

04/12/2005 13:35 FAX 708 4  7999          FIRST AMERICAN TITLE                    @003

File No. TP-4051867

| L. Settlement Charges | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|
| 700. Total Sales/Broker's Commission based on price | | |
| Division of Commission (line 700) as follows | | |
| 701. | | |
| 702. | | |
| 703. Commission paid at Settlement | | |
| 704. | | |
| 800. Items Payable in Connection with Loan | | |
| 801. Loan Origination Fee - BNC Mortgage, Inc. | 650.00 | |
| 802. Loan Discount | | |
| 803. Appraisal Fee | | |
| 804. Credit Report | | |
| 805. Lender's Inspection Fee | | |
| 806. Mortgage Insurance Application Premium | | |
| 807. Assumption Fee | | |
| 808. Tax Service Fee - BNC Mortgage, Inc. | 70.00 | |
| 809. Flood Certification Fee - BNC Mortgage, Inc. | 17.00 | |
| 810. Broker Fee - Equity Express | 2,556.75 | |
| 811. | | |
| 812. | | |
| 813. | | |
| 814. | | |
| Supplemental Summary | | |
| 900. Items Required by Lender to be Paid in Advance | | |
| 901. Interest 04/11/05 to 05/01/05 @$28.530000/day - BNC Mortgage, Inc. | 530.80 | |
| 902. | | |
| 903. Hazard Insurance Premium for | | |
| 904. | | |
| 905. | | |
| Supplemental Summary | | |
| 1000. Reserves Deposited with Lender | | |
| 1001. Hazard Insurance | | |
| 1002. Mortgage Insurance | | |
| 1003. City Property Taxes | | |
| 1004. County Property Taxes | | |
| 1005. Annual assessments | | |
| 1006. | | |
| 1007. | | |
| 1008. Aggregate Accounting Adjustment | 0.00 | 0.00 |
| 1100. Title Charges | | |
| 1101. Settlement or closing fee - First American Title Insurance Company | 375.00 | |
| 1102. Abstract or title search | | |
| 1103. Title examination | | |
| 1104. Title Insurance Binder | | |
| 1105. Document Fee | | |
| 1106. Notary Fee | | |
| 1107. Attorney Fee to James B. Spina | | 750.00 |
| (includes above item numbers: ) | | |
| 1108. Title Insurance - See supplemental page for breakdown of individual fees and payees | 250.00 | 750.00 |
| (includes above item numbers: ) | | |
| 1109. Lender's coverage $106,250.00 Premium: $250.00 | | |
| 1110. Owner's coverage $125,000.00 Premium: $730.00 | | |
| 1111. Environmental Protection Lien - First American Title Insurance Company | 100.00 | |
| 1112. ARM Endorsement - First American Title Insurance Company | 200.00 | |
| 1113. Location Endorsement - First American Title Insurance Company | 100.00 | |
| 1114. Construction Waiver Exam Fee - First American Title Insurance Company | | 125.00 |
| 1115. | | |
| 1116. | | |
| 1117. | | |
| 1200. Government Recording and Transfer Charges | | |
| 1201. *Recording item: Deed $26.00 Mortgage $119.00 Release $0.00 | 90.00 | 52.00 |
| 1202. *City/county tax/stamps: Deed $1000.00 Mortgage $0.00 | 937.50 | 62.50 |
| 1203. *State tax/stamps: Deed $125.00 Mortgage $0.00 | | 125.00 |
| 1204. State of Illinois Loan Policy Fee | 3.00 | |
| 1205. State of Illinois Owner's Policy Fee | | 3.00 |
| 1206. Certification of Release Recording Fee | | 52.00 |
| 1300. Additional Settlement Charges | | |
| 1301. Survey to | | |
| 1302. Pest Inspection to | | 1,835.09 |
| 1303. Reimburse Water and Zoning for City of Chicago to James R. Thomas | | 1,835.09 |
| 1304. Payment per Contractors Statement to James R. Thomas | | 28,800.00 |
| 1305. Delivery/Service Charge - First American Title Insurance Company | 20.00 | 30.00 |
| 1306. Document Processing Fee - First American Title Insurance Company | 5.00 | |
| 1307. Electronic Delivery Fee - First American Title Insurance Company | 15.00 | |
| 1308. Tax Bill Service Fee - First American Title Insurance Company | | 15.00 |
| 1309. | | |
| 1310. | | |
| 1311. | | |
| 1312. | | |
| 1313. | | |
| 1314. | | |
| Supplemental Summary | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | 5,670.85 | 32,579.59 |

* See Supplemental Page for details.

**BNC 0257**

04/12/2005 13:35 FAX 708 429 7990    FIRST AMERICAN TITLE    @004

|  |  |
|---|---|
| Supplemental Page<br>HUD-1 Settlement Statement | File No.<br>TY-1051887 |
| **First American Title Insurance Company**<br>**Final Statement** | Loan No.<br>O-AK006895 |
|  | Settlement Date?<br>04/11/2005 |

Borrower Name & Address: James Green

Seller Name & Address: Bonita Anderson White

| Section L. Settlement Charges continued |  | Paid From<br>Borrower's<br>Funds at<br>Settlement | Paid From<br>Seller's<br>Funds at<br>Settlement |
|---|---|---|---|
| 1108.   Supplemental Summary | 980.00 |  |  |
| a) Owner's Policy - First American Title Insurance Company |  |  | 730.00 |
| b) Loan Policy - First American Title Insurance Company |  | 250.00 |  |
| 1201.   Supplemental Summary | 142.00 |  |  |
| a) Deed - First American Title Insurance Company |  | 26.00 |  |
| b) Mortgage - First American Title Insurance Company |  | 64.00 | 52.00 |
| 1202.   Supplemental Summary | 1,000.00 |  |  |
| a) County Transfer Tax - First American Title Insurance Company |  |  | 62.50 |
| b) City Transfer Tax - First American Title Insurance Company |  | 987.50 |  |
| 1203.   Supplemental Summary | 125.00 |  |  |
| a) State Transfer Tax - First American Title Insurance Company |  |  | 125.00 |

| The following Section is restated from the Settlement Statement Page 1 |  |  |  |
|---|---|---|---|
| 300.   Cash At Settlement From/To Borrower |  | 600.   Cash At Settlement To/From Seller |  |
| 301.   Gross amount due from Borrower (line 120) | 130,670.85 | 601.   Gross Amount due to Seller (line 420) | 125,000.00 |
| 302.   Less amounts paid by/for Borrower (line 220) | 129,670.85 | 604.   Less reductions in amounts due to Seller (line 520) | 116,122.00 |
| 303.   Cash (X From) ( To) Borrower | 1,000.00 | 603.   Cash (X To) ( From) Seller | 8,878.00 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and distributions made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

BUYER(S):                                        SELLER(S):

_James Green_                                    _Bonita Anderson White_
James Green                                      Bonita Anderson White

First American Title Insurance Company
By _Carol Cuzick_
Carol Cuzick

BNC 0258

# EXHIBIT B

| | OMB No. 2502-0265 | Page 1 |
|---|---|---|

**A.**



TICOR TITLE INSURANCE COMPANY

CLOSER: Kathy McCoy

DATE OF PRINTING: 05/05/06
TIME OF PRINTING: 11:33

SETTLEMENT STATEMENT

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

**B. TYPE OF LOAN**

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. ☐ FHA | 2. ☐ FmHA | 3. ☒ CONV. UNINS. |
| 4. ☐ VA | 5. ☐ CONV. INS. |
| 6. File Number: | 578186 | MIA |
| | 000578186-001 KM | CH |
| 7. Loan Number |
| 8. Mortgage Insurance Case Number |

**C. NOTE:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

**D. NAME OF BORROWER:** MFH INVESTMENT GROUP, LLC
**ADDRESS:** 742 E 95TH ST.
CHICAGO          ILLINOIS          60619

**E. NAME OF SELLER:** JAMES GREEN
**ADDRESS:** 8544 SOUTH GIVINS COURT
CHICAGO          ILLINOIS          606

**F. NAME OF LENDER:** SMH STRATEGIC LENDING
**ADDRESS:** 500 LAKE COOK RD.
DEEFILED          ILLINOIS          60015

**G. PROPERTY LOCATION:** 8544 S GIVINS CT
CHICAGO          ILLINOIS

**H. SETTLEMENT AGENT:** Ticor Title Insurance Company
**ADDRESS:** 203 N. LaSalle, Suite 2200
Chicago          ILLINOIS          60601
**PLACE OF SETTLEMENT:** 203 N. LaSalle, Suite 2200
**ADDRESS:** Chicago          ILLINOIS          60601

**I. SETTLEMENT DATE:** May 05, 2006
10:30
**DISBURSEMENT DATE:** May 05, 2006

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract sales price | 45,681.49 | 401. Contract sales price | 45,681.49 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement charges to borrower  (line 1400) | 10,557.50 | 403. | |
| 104. SELLER'S SHORTFALL | 529.78 | 404. SELLER'S SHORTFALL | 529.78 |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes          to | | 406. City/town taxes          to | |
| 107. County taxes          to | | 407. County taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMT DUE FROM BORROWER** | 56,768.77 | **420. GROSS AMT DUE TO SELLER** | 46,211.27 |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 56,679.27 | 502. Settlement charges to seller     (line 1400) | 7,583.27 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| | | 504. Payoff of first mortgage loan | |
| 204. | | AMERICA'S SERVICING CO | 38,628.00 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes          to | | 510. City/town taxes          to | |
| 211. County taxes          to | | 511. County taxes          to | |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 56,679.27 | **520. TOTAL REDUCTIONS AMT DUE SELLER** | 46,211.27 |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER** | | **600. CASH AT SETTLEMENT TO/FROM SELLER** | |
| 301. Gross amt due from borrower     (line 120) | 56,768.77 | 601. Gross amt due to seller     (line 420) | 46,211.27 |
| 302. Less amts paid by/for borrower  (line 220) | ( 56,679.27) | 602. Less reductions in amt due seller (line 520) | ( 46,211.27) |
| 303. CASH(☒ FROM) (☐ TO) BORROWER | 89.50 | 603. CASH(☐ TO) (☒ FROM) SELLER | 0.00 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrower _____          Seller _James Green_
MFH INVESTMENT GROUP, LLC                    JAMES GREEN

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

_____ 5/5/6
Settlement Agent

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see Title 18 U.S. Code Section 1001 and Section 1010.

KM

U.S. v. Skrobot, et al    08 CR 107    HR 4305.2
James Green Bates 1666

F-2857-01 4/80          Page 2        OMB No. 2502-0265

| ORD#/ABS# | 578186 | MLP | | **L. SETTLEMENT CHARGES** | TIME OF PRINTING: 11:33 |
|---|---|---|---|---|---|
| ESC# | 000578186 | KM | CH | | DATE OF PRINTING: 05/05/06 |

| | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $   45,681.49  @   %= | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. L.B.    $           to | | | |
| 702. SB:       $ | | | |
| 703. Commission paid at Settlement | | | |
| (Money retained by broker applied to commission $         ) | | | |
| 704. Other sales agent charges: | | | |
| 705. Additional commission:     $          to | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. Loan Origination Fee     % | | | |
| 802. Loan Discount     % | | | |
| 803. Appraisal Fee to SMH STRATEGIC LENDING | | 225.00 | |
| 804. Credit Report to | | | |
| 805. Lender's Inspection Fee to | | | |
| 806. Mortgage Insurance Application Fee to | | | |
| 807. Assumption Fee to | | | |
| 808. LOAN FEE TO SMH STRATEGIC LENDING | | 8,000.00 | |
| 809. LEGAL FEE TO MASOKN, SILVER, WENK & MISHKIN | | 950.00 | |
| 810. | | | |
| 811. | | | |
| 812. | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. Interest from   to    @$     /day   for   0 days | | | |
| 902. Mortgage Insurance Premium for   0.00   months to | | | |
| 903. Hazard Insurance Premium for   0.00   years to | | | |
| 904. | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | |
| 1001. Hazard Insurance   0.00   month @$     per month | | | |
| 1002. Mortgage Insurance   0.00   month @$     per month | | | |
| 1003. City property taxes   0.00   month @$     per month | | | |
| 1004. County property taxes   0.00   month @$     per month | | | |
| 1005. Annual assessments   0.00   month @$     per month | | | |
| 1006.          0.00 month @$     per month | | | |
| 1007.          0.00 month @$     per month | | | |
| 1008. Aggregate Accounting Adjustment | | 0.00 | 0.00 |
| **1100. TITLE CHARGES** | | | |
| 1101. Settlement or Closing Fee     to TICOR TITLE INSURANCE COMPANY | | 400.00 | |
| 1102. Abstract or title search     to | | | |
| 1103. Title examination     to TICOR TITLE INSURANCE COMPANY | | | 30.00 |
| 1104. Title insurance binder     to | | | |
| 1105. Document preparation     to | | | |
| 1106. Notary fees     to | | | |
| 1107. Attorney's fee     to DIANE BILLINGS | | | 750.00 |
| 1108. Title insurance     to TICOR TITLE INSURANCE COMPANY | | 440.00 | 752.00 |
| (includes above items numbers:) | | | |
| 1109. Lender's coverage   $ 56,679.27   $    440.00 | | | |
| 1110. Owner's coverage   $ 45,681.49   $    752.00 | | | |
| 1111. PACKAGE EMAIL FEE TO TICOR TITLE INSURANCE COMPANY | | 25.00 | |
| 1112. OVERNIGHT DELIVERY AND HANDLING FEE TO TICOR TITLE INSURANC | | 25.00 | |
| 1113. | | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. Recording fees: Deed $   38.50 ; Mortgage $   66.50 ; Release $   38.50 | | 143.50 | 38.50 |
| 1202. City/county tax/stamps:   Deed $     ; Mortgage $ | | 345.00 | 23.00 |
| 1203. State tax/stamps:   Deed $     ; Mortgage $ | | | 46.00 |
| 1204. | | | |
| 1205. STATE OF ILLINOIS REGISTRATION FEE TO TICOR TITLE INSURANCE | | 4.00 | 2.00 |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1301. Survey     to   L.B. PASS & ASSOC | | | 475.00 |
| 1302. Pest inspection   to | | | |
| 1303. 2005 1ST INSTALLMENT TAXES TO COOK COUNTY COLLECTOR | | | 816.86 |
| 1304. ATTORNEY FEE TO MARJORIE FORTNER | | | 3,500.00 |
| 1305. REIMB FOR ZONING TO DIANE BILLINGS | | | 150.00 |
| 1306. WATER BILL TO DEPT OF WATER | | | 899.91 |
| 1307. WATER CERT TO DIANE BILLINGS | | | 100.00 |
| 1400. TOTAL SETTLEMENT CHARGES    (enter on lines 103, Section J and 502, Section K) | | 10,557.50 | 7,583.27 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrower _____     Seller _____
MFH INVESTMENT GROUP, LLC         JAMES GREEN

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause funds to be disbursed in accordance with this statement.

_____     5/5/6
Settlement Agent            Date

WARNING: It is a crime to knowingly make false statement to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

KM

| | | | | OMB No. 2502-0265 | Page 3 |
|---|---|---|---|---|---|
| ORD#/ABS# 578186<br>ESC# 000578186 | MLP<br>KM CH | | **SUPPLEMENTAL PAGE** | | TIME OF PRINTING: 11:33<br>DATE OF PRINTING: 05/05/06 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

NFH INVESTMENT GROUP, LLC

JAMES GREEN

U.S. v. Skrobot, et al.
James Green Bates 1668

# EXHIBIT C

THIS INFORMATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

F&Sfile# 05-1327D                                          Plaintiff's Attorney # 42168

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

U.S. BANK NATIONAL ASSOCIATION,     )
TRUSTEE,                            )
            Plaintiff               )   Case No. 05 CH 18202
V.                                  )   Calendar No. 57
JAMES GREEN,                        )
            Defendant               )
                    SELLING OFFICER'S RECEIPT OF SALE

**FILED**
CH-2108
FEB 0 7 2007
DOROTHY BROWN
CLERK OF THE COOK COUNTY COURT
Kallen Capital Services

Kallen Realty Services, Inc. (hereinafter "KRS"), successor to Kallen Financial & Capital Services,
Inc., the Selling Officer appointed in the matter captioned above, does hereby certify that pursuant
to a Judgment of Foreclosure and Sale entered herein, the plaintiff advertised the following
described real estate to be sold at public auction to the highest bidder for cash, as set forth in said
advertisement; and that at the hour of 12:30 p.m. on January 17, 2007, at 205 W. Randolph Street,
Suite 1200 Chicago, Illinois, KRS offered said premises for sale at public auction to the highest
bidder for cash.

WHEREUPON U.S. Bank National Association, the plaintiff herein, offered and bid therefore the
sum of Seventy-Six Thousand Five Hundred & 00/100 Dollars ($76,500.00). That being the highest
and best bid, KRS accordingly struck off and sold to said bidder the following described real estate:

LOT 42 N BLOCK 79, A SUBDIVISION OF BLOCKS 79,80 AND 81 AND OUTLOT "F" IN
CHICAGO HEIGHTS, A SUBDIVISION OF PART OF THE WEST 1/2 OF THE SOUTHEAST
1/4 OF SECTION 21, TOWNSHIP 35 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL
MERIDIAN; N COOK COUNTY, ILLINOIS. COMMONLY KNOWN AS 1418 PORTLAND
AVENUE, CHICAGO HEIGHTS, ILLINOIS 60411. TAX ID# 32-21-402-021

KRS has received the full amount of the bid from the successful bidder in the form of a "credit bid"
of a sum owed to it on the date of said sale pursuant to said Judgment.

        January 17, 2007.

                        KALLEN REALTY SERVICES, INC., successor to
                        KALLEN FINANCIAL & CAPITAL SERVICES, INC.

                        By: _____

THIS INFORMATION IS AN ATTEMPT TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

F&Sfile# 05-1327D                                                    Plaintiff's Attorney # 42168

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

U.S. BANK NATIONAL ASSOCIATION,                  )
TRUSTEE,                                         )
                    Plaintiff                    ) Case No. 05 CH 18202
V.                                               ) Calendar No. 57
JAMES GREEN,                                     )
                    Defendant                    )
         SELLING OFFICER'S REPORT OF SALE AND DISTRIBUTION

Kallen Realty Services, Inc., (hereinafter "KRS"), successor to Kallen Financial & Capital Services, Inc., the Selling Officer appointed in the matter captioned above, respectfully reports that a public sale of real estate was held pursuant to a judgment entered in the above entitled cause on October 16, 2006, in accordance with Illinois Code of Civil Procedure, Chapter 735, Article XV.

Pursuant to the terms of said judgment the sale was advertised in newspapers circulated to the general public in Cook County by publishing notice in both the real estate section and legal section for three consecutive weeks in full compliance with Illinois Code of Civil Procedure, Chapter 735, Section 15-1507. Certificates of said publications with printed copies of said notices are attached hereto as Exhibit "A."

The Public Sale was advertised to be held at the hour of 12:30 p.m. on January 17, 2007, at 205 W. Randolph Street, Suite 1200, Chicago, Illinois. At said date, time, and place, KRS offered for sale the hereinafter described real estate to the highest and best bidder for cash.

Thereupon U.S. Bank National Association, the plaintiff herein, bid the sum of Seventy-Six Thousand Five Hundred & 00/100 Dollars ($76,500.00). That being the highest and best bid, KRS struck off and caused to be sold to said bidder for said sum of money, the said real estate, which is hereinafter described:

LOT 42 N BLOCK 79, A SUBDIVISION OF BLOCKS 79,80 AND 81 AND OUTLOT "F" IN CHICAGO HEIGHTS, A SUBDIVISION OF PART OF THE WEST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 21, TOWNSHIP 35 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, N COOK COUNTY, ILLINOIS. COMMONLY KNOWN AS 1418 PORTLAND AVENUE, CHICAGO HEIGHTS, ILLINOIS 60411. TAX ID# 32-21-402-021

KRS has executed and delivered to said bidder its Receipt of Sale and Certificate of Sale, copies of which are attached hereto.

Upon confirmation of this sale, KRS will execute and deliver a Deed to said bidder in accordance with said judgment and law.

proceeds of said sale will, upon confirmation of the sale, be disbursed as follows:

1. To the Plaintiff:

    a) The amount due under the judgment                      $ 87,440.51

    b) Interest thereon from date of
        judgment to date of sale                            2,005.14

    c) Publication costs                                 368.00

    d) Post-judgment advances
        1) Appraisal                 $   170.00
        2) Property inspection               100.75
        3) Property preservation             87.00
        4) Taxes                        2,420.68
        5) Insurance                  1,306.34

        Total post-judgment advances                4,084.77

                      Subtotal      $ 93,898.42

2. Costs of sale:

    a) Recording                                 36.00
    b) Commission on sale                     300.00

TOTAL AMOUNT DUE PLAINTIFF           $ 94,234.42

TOTAL PROCEEDS OF SALE                76,500.00

(DEFICIENCY)                           ($ 17,734.42)

    Dated: January 17, 2007.

                      Respectfully submitted,
                      KALLEN REALTY SERVICES, INC., successor to
                      KALLEN FINANCIAL & CAPITAL SERVICES, INC.

                      By: _____

                              2

05-1327D

# CERTIFICATE OF PUBLICATION

CASE NO. _____

_____ Midwest Suburban Publishing, Inc. _____ does hereby certify
            (Name of Publishing Co.)

that it is the publisher of ___ Star Publications _____, that
                                    (Name of Newspaper)

said _____ Star Publications _____ is a secular newspaper of
                (Name of Newspaper)

general circulation that has been published ____ weekly _____ in the
                                                 (Weekly, Daily)

_____ Township _____ of _____, County of Cook,
        (City, etc.)              (Name of Municipality)

State of Illinois, continuously for more than
one year prior to the first date of publication
of the notice appended, that it is a newspaper
as defined in "An Act to revise the law in
relation to notices", as amended, Illinois
Revised Statutes, Chapter 100, Pars. 1 & 5 and
that the notice appended was published in a

section of ___ Star Publications _____
                (Name of Newspaper)

in which real estate other than real estate
being sold as part of legal proceedings is
commonly advertised to the general public on

_____ 12/14/6 _____ ,
            (Date of Publication)
_____ 12/21/6 _____ and,
            (Date of Publication)
_____ 12/28/6 _____ .
            (Date of Publication)

in witness whereof, the undersigned has
caused this certificate to be signed and its corporate seal fixed in Cook County,

Illinois, on _____ 12/28/6 _____

"OFFICIAL SEAL"
Paula Poutry
Notary Public, State of Illinois
My Commission Expires June 7, 2008

_____ Midwest Suburban Publishing, Inc. _____
            (Name of Publishing Company)

By _____
            (Authorized Agent)

2
0
0
7

0
1
0

2
5
7

...E CIRCUIT COURT OF COOK
..OUNTY, ILLINOIS, COUNTY DE-
PARTMENT, CHANCERY DIVISION.
U.S. BANK, NATIONA, ASSOCIA-
TION, TRUSTEE, Plaintiff vs. JAMES
GREEN, Defendant. 05CH-18202
NOTICE OF FORECLOSURE SALE
Fisher and Shapiro file #05-13270
(It is advised that interested parties
consult with their own attorneys be-
fore bidding at mortgage foreclosure
sales.)
PUBLIC NOTICE is hereby given that
pursuant to a Judgment of Foreclo-
sure entered on October 16, 2006,
Kallen Realty Services, Inc., succes-
sor to Kallen Financial & Capital Ser-
vices, Inc., as Selling Official will at
12:30 p.m. on January 17, 2007,
at 205 W. Randolph Street, Suite
1200, Chicago, Illinois, sell at public
auction to the highest bidder for
cash, as set forth below, the follow-
ing described real property:
LOT 42 IN BLOCK 79, A SUBDIVI-
SION OF BLOCKS 79,80 AND 81
AND OUTLOT "F" IN CHICAGO
HEIGHTS, A SUBDIVISION OF PART
OF THE WEST 1/2 OF THE SOUTH-
EAST 1/4 OF SECTION 21, TOWN-
SHIP 35 NORTH, RANGE 14, EAST
OF THE THIRD PRINCIPAL
MERIDIAN, IN COOK COUNTY, ILLI-
NOIS.
COMMONLY KNOWN AS 1418
PORTLAND AVENUE, CHICAGO
HEIGHTS, ILLINOIS 60411.
TAX ID# 32-21-402-021
The mortgaged real estate is im-
proved with a dwelling. The property
will NOT be open for inspection.
The judgment amount was
$87,440.10. Sale terms: 10% of
successful bid immediately at conclu-
sion of auction, balance by noon the
next business day, both by cashier's
checks; and no refunds. The sale
shall be subject to general real estate
taxes, special taxes, special assess-
ments, special taxes levied, and su-
perior liens, if any. The property is
offered "as is," with no express or im-
plied warranties and without any rep-
resentation as to the quality of title
or recourse to Plaintiff. Prospective
bidders are admonished to review
the court file to verify all information.
For information: Sale Clerk, Fisher
and Shapiro, 4201 Lake Cook Rd.,
1st floor, Northbrook, Illinois 60062,
(847) 498-9990, between 1:00
p.m. and 3:00 p.m. weekdays only.

# CERTIFICATE OF PUBLICATION

CASE NO. 05CH-18202

## U.S. BANK VS GREEN

## LAW BULLETIN PUBLISHING CO.

does hereby certify that it is the publisher of

## CHICAGO DAILY LAW BULLETIN,

that said **CHICAGO DAILY LAW BULLETIN** is
a secular newspaper that has been published
**DAILY** in the City of Chicago, County of Cook,
State of Illinois, continuously for more than one
year prior to the first date of publication of the
notice, appended, that it is of general circulation
throughout said County and State, that it is a
newspaper as defined in "An Act to revise the
law in relation to notices," as amended, Illinois
Compiled Statutes (715 ILCS 5/1 & 5/5), and
that the notice appended was published in the
said **CHICAGO DAILY LAW BULLETIN** on
Dec—5-12-19

First publication date:

## DECEMBER 5, 2006

Final publication date:

## DECEMBER 19, 2006

In witness thereof, the undersigned has caused
this certificate to be signed and its corporate
seal affixed at Chicago, Illinois.

## DECEMBER 19, 2006

## LAW BULLETIN PUBLISHING CO.

By _Judy Boruel_

1 1 5 7 4 6

# EXHIBIT D

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

HSBC BANK USA, NA, AS INDENTURE
TRUSTEE UNDER THE INDENTURE
RELATING TO PEOPLE'S CHOICE HOME
LOAN SECURITIES TRUST SERIES 2005-3,
MORTGAGE-BACKED NOTES, SERIES 2005-3

      Plaintiff,

      -v.-

JAMES GREEN, et al

      Defendant

05 CH 22167

#57 JUDGE REYES

## RECEIPT OF SALE

I, the undersigned, an authorized signatory for The Judicial Sales Corporation, selling officer appointed in the matter captioned above do hereby certify, that pursuant to a Judgment of Foreclosure and Sale entered herein, the plaintiff duly advertised in compliance with 735 ILCS 5/15-1507(c), the following described real estate to be sold at public auction to the highest bidder for cash on August 3, 2006 and continued to September 5, 2006, at the office of The Judicial Sales Corporation, One South Wacker Drive - 24th Floor, CHICAGO, IL 60606, and that an agent of The Judicial Sales Corporation offered said premises for sale at public auction to the highest bidder for cash.

Whereupon, HSBC BANK USA, NA, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2005-3, MORTGAGE-BACKED NOTES, SERIES 2005-3 offered and bid therefor the sum of EIGHTY-FIVE THOUSAND AND 00/100 ($85,000.00) and that being the highest and best bid, an agent of The Judicial Sales Corporation accordingly struck off and sold to said bidder the following described real estate:

THE WEST 70 FEET OF LOTS 23 AND 24 IN BLOCK 64 IN HARVEY, A SUBDIVISION OF THAT PART OF SECTION 17, TOWNSHIP 36 NORTH, RANGE 14, LYING WEST OF ILLINOIS CENTRAL RAILROAD TOGETHER WITH BLOCKS 53 TO 55, 62 TO 66, 68 TO 84 AND THAT PART OF BLOCK 67 LYING SOUTH OF THE CHICAGO AND GRAND TRUNK RAILROAD, ALL OF SOUTH LAWN, A SUBDIVISION OF SECTION 17, AND THE SOUTH 1/2 OF SECTION 8, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as 155 E. 153RD STREET, Harvey, IL 60426

Property Index No. 29-17-111-035.

The Judicial Sales Corporation has this day received a credit bid as full payment from said bidder in the amount of $85,000.00.

Witness my hand and seal, on this 5th day of September, 2006.

Attorney File No.: 14-05-E929

Attorney Code # 21762

Case Number: 05 CH 22167

The Judicial Sales Corporation

By: _____

THE JUDICIAL SALES CORPORATION One South Wacker Drive, 24th Floor • Chicago, IL 60606-4650
(312) 236-SALE

NOTE: Pursuant to the Fair Debt Collection Practices Act, you are advised that Plaintiff's attorney is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

OCT-20-2006  15:17        LAW BULLETIN                                3125441989    P.03

# CERTIFICATE OF PUBLICATION

10/25 @ 5.15
Kontuta

CASE NO. _____

_____Midwest Suburban Publishing, Inc._____ does hereby certify
(Name of Publishing Co.)

that it is the publisher of _____Star Publications_____, that
(Name of Newspaper)

said _____Star Publications_____ is a secular newspaper of
(Name of Newspaper)

general circulation that has been published _____weekly_____ in the
(Weekly, Daily)

_____ of _____, County of Cook,
(Name of Municipality)

State of Illinois, continuously for more than
one year prior to the first date of publication
of the notice appended, that it is a newspaper
as defined in "An Act to revise the law in
relation to notices", as amended, Illinois
Revised Statutes, Chapter 100, Pars. 1 & 5 and
that the notice appended was published in a

section of _____Star Publications_____
(Name of Newspaper)

in which real estate other than real estate
being sold as part of legal proceedings is
commonly advertised to the general public on

_____6/29/6_____
(Date of Publication)

_____7/6/6_____ and,
(Date of Publication)

_____7/13/6_____.
(Date of Publication)

In witness whereof, the undersigned has
caused this _____ be signed and its corporate seal fixed in Cook County,

Illinois on _____7/13/6_____

"OFFICIAL SEAL"
Paula Poutry
Notary Public, State of Illinois
My Commission Expires June 7, 2008

_____Midwest Suburban Publishing, Inc._____
(Name of Publishing Company)

_____(Authorized Agent)_____

TOTAL P.03

OCT-20-2006  15:16    LAW BULLETIN    3126441999    P.02

15/25
Kankule fo
Q.

IN THE CIRCUIT COURT OF COOK County Illinois County Department — Chancery Division. HSBC Bank USA, NA, as Indenture Trustee under the Indenture Relating to People's Choice Home Loan Securities Trust Series 2005-3, Mortgage-Backed Notes, Series 2005-3. Plaintiff, vs. James Green, et al. Defendant. Case No. 05CH-22167.

NOTICE OF SALE

PUBLIC NOTICE IS HEREBY GIVEN that pursuant to a Judgment of Foreclosure and Sale entered in the above cause on March 27, 2006, The Judicial Sales Corporation will at 10:20 a.m. on August 3, 2006, in its office at 33 N. Dearborn St., 10th Floor, Chicago, IL 60602, sell at public auction to the highest bidder for cash, as set forth below, the following described real estate:

The West 70 feet of Lots 23 and 24 in Block 64 in Harvey, a Subdivision of that part of Section 17, Township 36 North, Range 14, lying West of Illinois Central Railroad together with Blocks 53 to 55, 62 to 66, 68 to 84 and that part of Block 67 lying South of the Chicago and Grand Trunk Railroad, all of South Lawn, a Subdivision of Section 17, and the South ½ of Section 8, Township 36 North, Range 14, East of the Third Principal Meridian, in Cook County, IL

Commonly known as 155 E. 153rd St., Harvey, IL 60426.

PIN# 29-17-111-035.

The real estate is improved with a single family residence.

The judgment amount was $79,192.66.

Sale terms: 25% down of the highest bid by certified funds at the close of the auction; the balance, in certified funds, is due within twenty-four (24) hours. The subject property is subject to general real estate taxes, special assessments, or special taxes levied against said real estate and is offered for sale without any representation as to quality or quantity of title and without recourse to Plaintiff and in "AS IS" condition. The sale is further subject to confirmation by the court.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

Upon payment in full of the amount bid, the purchaser will receive a Certificate of Sale that will entitle the purchaser to a deed to the real estate after confirmation of the sale.

The property will NOT be open for inspection and Plaintiff makes no representation as to the condition of the property. Prospective bidders are admonished to check the court file to verify all information.

For information, contact Plaintiff's Attorney: The Sale Clerk, CODILIS & ASSOCIATES, P.C., 15W030 N. Frontage Road, Suite 100, Burr Ridge, IL 60527, (630) 794-9876 between the hours of 1 and 3 PM only and ask for the sales department. Please refer to file number 14-05-E329.

THE JUDICIAL SALES CORPORATION
33 North Dearborn Street
10th Floor, Suite 1015
Chicago, IL 60602-3100
(312) 236-SALE

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that Plaintiff's Attorney is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

## CERTIFICATE OF PUBLICATION

CASE NO. 05CH22167

HSBC BANK V GREEN

### LAW BULLETIN PUBLISHING CO.

does hereby certify that it is the publisher of

### CHICAGO DAILY LAW BULLETIN,

that said **CHICAGO DAILY LAW BULLETIN** is a secular newspaper that has been published **DAILY** in the City of Chicago, County of Cook, State of Illinois, continuously for more than one year prior to the first date of publication of the notice, appended, that it is of general circulation throughout said County and State, that it is a newspaper as defined in "An Act to revise the law in relation to notices," as amended, Illinois Compiled Statutes (715 ILCS 5/1 & 5/5), and that the notice appended was published in the said **CHICAGO DAILY LAW BULLETIN** on June—22-29-6

First publication date:

**JUNE 22, 2006**

Final publication date:

**JULY 6, 2006**

In witness thereof, the undersigned has caused this certificate to be signed and its corporate seal affixed at Chicago, Illinois.

**JULY 6, 2006**

**LAW BULLETIN PUBLISHING CO.**

By _M. Sawlaski_

1  1  0  6  0  7  L

# EXHIBIT E

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION



HSBC BANK USA, NA, AS INDENTURE
TRUSTEE UNDER THE INDENTURE
RELATING TO PEOPLE'S CHOICE HOME
LOAN SECURITIES TRUST SERIES 2005-3,
MORTGAGE-BACKED NOTES, SERIES 2005-3

    Plaintiff,

    -v.-

JAMES GREEN, et al

    Defendant

05 CH 20406

#56 JUDGE QUINN

**F I L E D**
CH-2808
AUG 0 7 2011
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## REPORT OF SALE AND DISTRIBUTION

I, the undersigned, an authorized signatory for The Judicial Sales Corporation, selling officer appointed in the matter captioned above, do hereby report that:

That pursuant to a Judgment of Foreclosure and Sale entered herein, the plaintiff advertised the following described real estate to be sold at public auction to the highest bidder for cash on July 27, 2006, at office of The Judicial Sales Corporation, 33 N. Dearborn Street, 10th Floor, CHICAGO, IL, 60602, as set forth in the certificate of publication attached hereto and made a part hereof;

That an agent of The Judicial Sales Corporation first offered said real estate for sale separately, and then in combination less than the whole, and having received no bid therefor, an agent of The Judicial Sales Corporation thereupon offered the entire real estate and premises hereinafter described en masse to the highest bidder on the terms specified in said advertisement;

That HSBC BANK USA, NA, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2005-3, MORTGAGE-BACKED NOTES, SERIES 2005-3 (the plaintiff herein) offered and bid therefor the sum of FORTY-SIX THOUSAND AND 00/100 ($46,000.00) and that being the highest and best bid, an agent of The Judicial Sales Corporation accordingly struck off and sold to said bidder the following described real estate:

LOT 33 IN BLOCK 62 IN CHICAGO HEIGHTS A SUBDIVISION IN THE SOUTH WEST ONE QUARTER (1/4) OF SECTION 21, TOWNSHIP 35 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as 1436 PARNELL AVENUE, Chicago Heights, IL 60411

Property Index No. 32-21-303-041.

I, the undersigned, an authorized signatory for The Judicial Sales Corporation, selling officer appointed in the matter captioned above, do hereby further report:

That The Judicial Sales Corporation has executed and delivered to said bidder its Receipt(s) of Sale, copies of which are attached hereto, along with a copy of the Certificate of Sale (if any) delivered to said

Report of Sale and Distribution

bidder.

That upon confirmation of this sale, The Judicial Sales Corporation will execute and deliver a Deed to said bidder in accordance with said judgment and law.

That the proceeds of said sale will, upon confirmation of the sale, be disbursed as follows:

To the plaintiff:

| | | | |
|---|---|---|---|
| 1. | The amount due under judgment | | $80,724.71 |
| 2. | Interest thereon (excluding attorney's fees) from date of judgment (04/25/2006) to date of sale (07/27/2006) at 9% per annum | | $1,811.28 |
| 3. | Publication costs | | $ 368.00 |
| 4. | Post judgment advances | | |
| | recording a/m | $ 26.00 | |
| | racer | $ 15.00 | |
| | Total Advances | | $ 41.00 |

| | | |
|---|---|---|
| Subtotal | | $82,944.99 |
| To the Selling Officer, as commission | | $ 300.00 |
| Total Amount Due | | $83,244.99 |
| Total Proceeds of Sale | | $46,000.00 |
| Surplus or (Deficiency) | | ($37,244.99) |

Date: July 27, 2006

Attorney File No.: 14-05-D728

Respectfully submitted,
The Judicial Sales Corporation

By: _Wendy Moral_

THE JUDICIAL SALES CORPORATION 33 North Dearborn Street - Suite 1015 Chicago, Illinois
60602-3100 (312) 236-SALE

NOTE: Pursuant to the Fair Debt Collection Practices Act, you are advised that Plaintiff's attorney is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

05·D728

IN THE CIRCUIT COURT OF COOK County, Illinois County Department — Chancery Division. HSBC Bank USA, NA, as indenture Trustee under the indenture relating to People's Choice Home Loan Securities Trust Series 2005-3, Mortgage-Backed Notes, Series 2005-3. Plaintiff, vs. James Green, et al. Defendant, Case No. 05CH-20406.

NOTICE OF SALE
PUBLIC NOTICE IS HEREBY GIVEN that pursuant to a Judgment of Foreclosure and Sale entered in the above cause on April 25, 2006. The Judicial Sales Corporation will at 10:30 a.m. on July 27, 2006, in its office at 33 N. Dearborn St., 10th Floor, Chicago, IL 60602, sell at public auction to the highest bidder for cash, as set forth below, the following described real estate:

Lot 33 in Block 62 in Chicago Heights a Subdivision in the South West One Quarter (¼) of Section 21, Township 35 North, Range 14, East of the Third Principal Meridian, in Cook County, IL.

Commonly known as: 1436 Parnell Ave., Chicago Heights, IL 60411.

PIN# 32-21-303-041.

The real estate is improved with a single family residence.

The judgment amount was $80,724.71.

Sale terms: 25% down of the highest bid by certified funds at the close of the auction; the balance, in certified funds, is due within twenty-four (24) hours. The subject property is subject to general real estate taxes, special assessments, or special taxes levied against said real estate and is offered for sale without any representation as to quality or quantity of title and without recourse to Plaintiff and in "AS IS" condition. The sale is further subject to confirmation by the court.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

Upon payment in full of the amount bid, the purchaser will receive a Certificate of Sale that will entitle the purchaser to a deed to the real estate after confirmation of the sale.

The property will NOT be open for inspection and Plaintiff makes no representation as to the condition of the property. Prospective bidders are admonished to check the court file to verify all information.

For information, contact Plaintiff's attorney: The Sale Clerk, CODILIS & ASSOCIATES, P.C., 15W030 N. Frontage Road, Suite 100, Burr Ridge, IL 60527, (630) 794-9876 between the hours of 1 and 3 PM only and ask for the sales department. Please refer to file number 14-05-D728.

THE JUDICIAL SALES CORPORATION
33 North Dearborn Street
10th Floor, Suite 1015
Chicago, IL 60602-3100
(312) 236-SALE

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that Plaintiff's Attorney is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

## CERTIFICATE OF PUBLICATION

**CASE NO. 05CH20406**

**HSBC BANK V GREEN**

## LAW BULLETIN PUBLISHING CO.

does hereby certify that it is the publisher of

## CHICAGO DAILY LAW BULLETIN,

that said **CHICAGO DAILY LAW BULLETIN** is a secular newspaper that has been published **DAILY** in the City of Chicago, County of Cook, State of Illinois, continuously for more than one year prior to the first date of publication of the notice, appended, that it is of general circulation throughout said County and State, that it is a newspaper as defined in "An Act to revise the law in relation to notices," as amended, Illinois Compiled Statutes (715 ILCS 5/1 & 5/5), and that the notice appended was published in the said **CHICAGO DAILY LAW BULLETIN** on June—23-30-7

First publication date:

**JUNE 23, 2006**

Final publication date:

**JULY 7, 2006**

In witness thereof, the undersigned has caused this certificate to be signed and its corporate seal affixed at Chicago, Illinois.

**JULY 7, 2006**

**LAW BULLETIN PUBLISHING CO.**

By _____

1 1 0 7 4 8 L

8|7

05-07a

# CERTIFICATE OF PUBLICATION

CASE NO. _____

_____ Midwest Suburban Publishing, Inc. _____ does hereby certify
(Name of Publishing Co.)

that it is the publisher of _____ Star Publications _____, that
(Name of Newspaper)

said _____ Star Publications _____ is a secular newspaper of
(Name of Newspaper)

general circulation that has been published _____ weekly _____ in the
(Weekly, Daily)

_____ Township _____ of _____, County of Cook,
(City, etc.)                                    (Name of Municipality)

State of Illinois, continuously for more than
one year prior to the first date of publication
of the notice appended, that it is a newspaper
as defined in "An Act to revise the law in
relation to notices", as amended, Illinois
Revised Statutes, Chapter 100, Pars. 1 & 5 and
that the notice appended was published in a

section of _____ Star Publications _____
(Name of Newspaper)

in which real estate other than real estate
being sold as part of legal proceedings is
commonly advertised to the general public on

_____ 6/29/6 _____ .
(Date of Publication)

_____ 7/6/6 _____ and,
(Date of Publication)

_____ 7/13/6 _____ .
(Date of Publication)

In witness whereof, the undersigned has
caused _____ to be signed and its corporate seal fixed in Cook County,

Illinois _____ 7/13/6

Midwest Suburban Publishing, Inc.
(Name of Publishing Company)

(Authorized Agent)

My Commission Expires June 7, 2008

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CHANCERY DIVISION

HSBC BANK USA, NA, AS INDENTURE
TRUSTEE UNDER THE INDENTURE
RELATING TO PEOPLE'S CHOICE HOME
LOAN SECURITIES TRUST SERIES 2005-3,
MORTGAGE-BACKED NOTES, SERIES 2005-3

        Plaintiff,

        -v.-                    05 CH 20406

JAMES GREEN, et al              #56 JUDGE QUINN

        Defendant

## RECEIPT OF SALE

I, the undersigned, an authorized signatory for The Judicial Sales Corporation, selling officer appointed in the matter captioned above do hereby certify, that pursuant to a Judgment of Foreclosure and Sale entered herein, the plaintiff duly advertised in compliance with 735 ILCS 5/15-1507(c), the following described real estate to be sold at public auction to the highest bidder for cash on July 27, 2006, at the office of The Judicial Sales Corporation, 33 N. Dearborn Street, 10th Floor, CHICAGO, IL 60602, and that an agent of The Judicial Sales Corporation offered said premises for sale at public auction to the highest bidder for cash.

Whereupon, HSBC BANK USA, NA, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO PEOPLE'S CHOICE HOME LOAN SECURITIES TRUST SERIES 2005-3, MORTGAGE-BACKED NOTES, SERIES 2005-3 offered and bid therefor the sum of FORTY-SIX THOUSAND AND 00/100 ($46,000.00) and that being the highest and best bid, an agent of The Judicial Sales Corporation accordingly struck off and sold to said bidder the following described real estate:

LOT 33 IN BLOCK 62 IN CHICAGO HEIGHTS A SUBDIVISION IN THE SOUTH WEST ONE QUARTER (1/4) OF SECTION 21, TOWNSHIP 35 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as 1436 PARNELL AVENUE, Chicago Heights, IL 60411

Property Index No. 32-21-303-041.

The Judicial Sales Corporation has this day received a credit bid as full payment from said bidder in the amount of $46,000.00.

Witness my hand and seal, on this 27th day of July, 2006.

Attorney File No.: 14-05-D728        The Judicial Sales Corporation

Attorney Code # 21762          By:

Case Number: 05 CH 20406